**Sheila CROCKETT, Plaintiff–Appellant,**

v.

**Michael J. ASTRUE, Commissioner of Social Security, Defendant–Appellee.**

**No. 07–0806–cv.**

United States Court of Appeals, Second Circuit.

March 11, 2008.

Kenneth R. Hiller, Amherst, N.Y., for Plaintiff–Appellant.

Kristina D. Cohn, Special Assistant United States Attorney (Barbara L. Spivak and Richard Hill on the brief), Office of General Counsel, Social Security Administration, for Terrance P. Flynn, United States Attorney, Western District of New York, for Defendant–Appellee.

Present: Hon. RALPH K. WINTER and Hon. RICHARD C. WESLEY, Circuit Judges, and Hon. BRIAN M. COGAN, District Judge.[1]

### SUMMARY ORDER

Crockett appeals from the district court's January 8, 2007 order granting the Commissioner's motion for judgment on the pleadings and affirming the administrative law judge's denial of disability insurance benefits ("DIB"). We agree with the district court that the ALJ's conclusion that Crockett was not eligible for DIB was supported by "substantial evidence." *Consol. Edison Co. of New York v. N.L.R.B.*, 305 U.S. 197, 229, 59 S.Ct. 206, 83 L.Ed. 126 (1938). Familiarity by the parties is assumed as to the facts, the procedural context, and the specification of appellate issues.

The district court held that the ALJ correctly found that Crockett's condition did not satisfy the statutory definition of a disability articulated in 42 U.S.C. § 423(d). Under § 423(d)(2)(A), it is not sufficient for one seeking DIB merely to be unable to perform their previous work. To have a "disability" for DIB purposes, it must also be the case that the individual "cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. § 423(d)(2)(A). This does not describe Crockett's condition.

The ALJ found that Crockett could not perform her prior work, but nevertheless concluded, in light of Crockett's "residual

---

1. The Honorable Brian M. Cogan, United States District Court for the Eastern District of New York, sitting by designation.

functional capacity," that there remained other jobs in the national economy that she could perform. Specifically, in conducting its five-step analysis pursuant to 20 C.F.R. §§ 404.1520(a)(4) and 416.920(a)(4), the ALJ concluded that Crockett: (1) was "not engaged in substantial gainful activity"; (2) her "impairments ... are considered 'severe'"; (3) her conditions neither met, nor were medically equivalent to, certain impairments in Appendix 1, Subpart P, Regulation No. 4; (4) she could not perform her past employment role; and (5) she still had enough "residual functional capacity" to be able to do other jobs available in the national economy.

As the district court noted, the ALJ reached this conclusion after evaluating the medical opinions of both treating and consulting physicians. And while Crockett's treating physician's opinion conflicted with the opinions of other consulting physicians, the treating physician's opinion was outweighed by substantial evidence. "Although the treating physician rule generally requires deference to the medical opinion of a claimant's treating physician," we have pointed out that such an opinion "is not afforded controlling weight where, as here, the treating physician issued opinions that are not consistent with other substantial evidence in the record, such as the opinions of other medical experts." *Halloran v. Barnhart,* 362 F.3d 28, 32 (2d Cir.2004). The substantial evidence that was contrary to the opinion of Crockett's treating physician included Crockett's own acknowledgment that she goes to movies and eats out and, if feeling well, participates in water aerobics as much as three or four times a week.

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Michael B. Mukasey is automatically substituted for for-

For these reasons, we **AFFIRM** the decision and order of the district court.